```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


CHERYL R. RUSSELL,              *
                                *
     Plaintiff,                 *
                                *
vs.                             *      CIVIL ACTION 11-00267-CG-B
                                *
SYBIL THOMAS, et al.,           *
                                *
     Defendants.                *
```

## REPORT AND RECOMMENDATION

This matter, which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), is before the Court on Defendants' Motion for More Definite Statement (Doc. 18). Upon consideration of Defendants' motion, supporting briefs, and Plaintiff's response, the undersigned recommends that Defendants' motion be granted, and that Plaintiff be directed to file another amended complaint.

Plaintiff, proceeding pro se, filed the instant action on May 20, 2011, alleging various claims under federal and state law as a result of her employment with the City of Mobile.(Doc. 1). Plaintiff was directed to file an Amended Complaint and did so on June 14, 2011. (Docs. 4, 5). Following service, Defendants filed the instant Motion for More Definite Statement. In the motion, Defendants assert that while Plaintiff has set forth a number of facts supporting her claims, she has failed to

identify which set of facts support each of the claims she is asserting under the various statutes that she listed. Following the filing of Defendants' motion, Plaintiff obtained counsel, who, in response to the Court's Order directing Plaintiff to respond to Defendants' motion, filed a second Amended Complaint. (Doc. 18).  In a reply, Defendants assert that Plaintiff's second Amended Complaint is not adequate. (Doc. 19).  According to Defendants, the first step in analyzing a claim under § 1983 is to identify the specific constitutional right allegedly violated by Defendants, and Plaintiff has failed to identify, in Counts One and Four, which constitutional right was allegedly violated by Defendants. Defendants assert that Plaintiff should be required to file a third amended complaint that more definitively states the causes of action asserted pursuant to 42 U.S.C. § § 1981 and 1983.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the allegations of a claim state "in numbered paragraphs, each limited as far as practicable to a single set of circumstances ... [and] each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated

in a separate count or defense." Fed. R.Civ. P. 10(b).  Indeed, the Eleventh Circuit has stressed that:

> The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir. 2001). We have explained that, because "shotgun" pleadings present an unfair burden on a defendant, the plaintiff should be required to provide a more definite statement of his complaint:
>
>> It is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint ... is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where ... the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)....

Beckwith v. BellSouth Telcoms., Inc., 146 Fed. Appx. 368 (11th

Cir. 2005)(unpublished)(citing Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67)(11th Cir. 1996)(footnote omitted)).

Plaintiff's second Amended Complaint, as currently drafted, includes seven pages of disjointed factual allegations and four counts which reallege and incorporate by reference the same factual allegations. (Doc. 18). Plaintiff asserts that Defendants violated her state and federal constitutional rights, and cites the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Americans with Disabilities Act. In Count One, Plaintiff claims damages under 42 U.S.C. § § 1981 and 1983 and alleges that the individual defendants, Thomas, Herrine and Grissett, violated her rights under color of law.  In Count Two, Plaintiff claims damages under 42 U.S.C. § 12101 and alleges that the individual defendants, Thomas, Herrine and Grissett violated her rights under color of law. In Count Three, Plaintiff asserts that Defendants Thomas and Herrine assaulted her and includes factual assertions allegedly undertaken by Defendant Herrine. In Count Four, Plaintiff claims damages under 42 U.S.C. §§ 1983, 1981 and 12101 against the City of Mobile, and asserts that the City had a custom or policy of failing to exercise reasonable care in hiring, training, and supervising its police officers. In Count Four, Plaintiff asserts a respondeat superior claim against the City of Mobile.

As drafted, Plaintiff's second Amended Complaint does not provide fair notice to Defendants.  In other words, it is not clear which of the disjointed factual allegations pertain to the specific causes of action that Plaintiff is seeking to assert. For instance, Plaintiff alleges violations of her rights under the Americans with Disabilities Act; yet, it is not clear what specific acts Defendants are alleged to have undertaken to violate her rights. Additionally, throughout her second Amended Complaint, Plaintiff references violations of her constitutional and statutory rights; yet, she does not indicate what specific constitutional right she contends has been violated[1]. Thus, it is

---

[1] While Plaintiff has referenced §§ 1981 and 1983, she has not referenced a specific constitutional source. The test for intentional race discrimination in suits under § 1981, § 1983, and Title VII are the same. Bryant v. Jones, 575 F.3d 1281,1296, n.20 (11th Cir. 2009). The plaintiff in an action brought pursuant to the § 1981, § 1983 or Title VII has the burden of establishing a prima facie case of employment discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). If the plaintiff wishes to prove a claim of discrimination through circumstantial rather than direct evidence, the court evaluates the claims using the burden-shifting framework established by the Supreme Court in McDonnell Douglas. Under that framework, the plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) her employer treated her less favorably than similarly situated individuals outside of her protected class. Alvarez v. Royal Atlantic Developers, Inc., 610 F. 3d 1253, 1264 (11th Cir. 2010); Walton-Horton v. Hyundai of Alabama, 402 Fed. Appx. 405, 408 (11th Cir. 2010).

necessary for Plaintiff to again amend her Complaint so that the defendant will be able to discern what she is claiming and to frame a responsive pleading[2]. Accordingly, the undersigned recommends that Defendants' Motion for a More Definite Statement be granted and that Plaintiff be given one final opportunity to amend her complaint.

The attached sheet contains important information regarding objections to the Report and Recommendation.

Done this **23rd** day of **February, 2012**.

                                          **/s/SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[2] As noted supra, the Federal Rules of Civil Procedure require a plaintiff to set forth in her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 868 (2009). Rather, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level." <u>Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention</u>, 623 F.3d 1371, 1380 (11th Cir. 2010)(citations omitted).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

7

brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **February, 2012.**

                                                                  **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**