### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| CHERYL R. RUSSELL,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF MOBILE POLICE DEPARTMENT,<br><br>     Defendant. | CIVIL ACTION NO.: 11-0267-CG-B |

### REPORT OF PARTIES PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26 (f), a meeting was held on April 16, 2012, and was attended by:

Marcus T. Foxx for Plaintiff, Cheryl R. Russell

Alicia J. Corley for Defendant, City of Mobile

The parties do not request a conference with the court before entry of the scheduling order.

(A) **Plaintiff's brief narrative statement of the facts and causes of action:**

(A) Plaintiff's brief narrative statement of the facts and causes of action:

Plaintiff Cheryl Russell, an African-American female, was a resident of Mobile, Alabama during the time of the events that give rise to the instant causes of action. Cheryl Russell was at all times relevant to the instant causes of action, an employee of the City of Mobile. Ms. Russell suffered from several debilitating medical conditions from 2009 until the date of her effective termination.

11-0267-CG-B

      Ms. Russell, a Public Safety Dispatcher, was subject to verbal and physical harassment because of her known disability.  Ms. Russell's then Mobile Police Department supervisors, Sybil Thomas and Gloria Herrine, verbally and physically harassed the Defendant because of her known complications with Graves Disease, cervical degenerative disc conditions, lumbar degenerative disc disease, and lumbar radiculopathy.  Ms. Russell was denied the opportunity to avail herself of reasonable accommodations that were afforded to other non-disabled employees.  Supervisors also conspired to make unauthorized requests for Ms. Russell's medical history information.  These supervisors' actions created an abusive and hostile work environment.  Ongoing office harassment and assaults by these supervisors exacerbated medical conditions ultimately resulting in hospitalization and loss of employment benefits.  Ms. Russell attempted to file formal grievances per department policy.  She was denied access to the formal grievance process and told that no action would be taken on her complaints.

      Ms. Russell was also subject to further verbal harassment and racial discrimination while under the supervision of Joyce Grissett and Gloria Herrine.  The Defendant was subject to disparate treatment and intentionally deprived of employment benefits due to her race.  Ms. Russell was denied the opportunity to work regular and overtime shifts.  Other similarly situated white employees were awarded shifts and overtime that were due to Ms. Russell through regular schedule order.  The emotional and economic stress of the actions of Ms. Grissett and Ms. Herrine, employees of the Mobile Police Department, also exacerbated Ms. Russell's medical conditions ultimately resulting in hospitalization and loss of employment benefits. Ms. Russell attempted to file formal grievances for these actions as well, per department policy.  She was denied

11-0267-CG-B

access to the formal grievance process and told that no action would be taken on her complaints.

Ms. Russell files this complaint against the City of Mobile. The City of Mobile developed and maintained policies or customs exhibiting deliberate indifference to the constitutional and statutory rights of individuals in the City of Mobile. Specifically, The Mobile Police Department violated Ms. Russell's civil rights. Additionally, the City of Mobile is liable for the injurious and unlawful actions of the aforementioned supervisors under the doctrine of respondeat superior. All harassment, denial of terms and conditions of employment, retaliatory action, and actionable assaults were committed while acting under color of law. The City's failure to adequately discourage and remedy unlawful actions on the part of its officers is a clear demonstration of their willful indifference to the constitutional and statutory rights of persons within the City of Mobile. The foregoing causes of actions are based upon the stated facts and circumstances.

(B) **Defendant's Brief Narrative Statement of the Facts and Defenses**

Defendant City of Mobile denies any liability under the federal claims and state law asserted against it in this case. Cheryl Russell was employed as a public safety dispatcher with the City of Mobile from 2001 until her resignation effective April 1, 2011. Defendant denies that Ms. Russell's supervisors subjected her to harassment during her employment. The City of Mobile cannot be held liable under 42 U.S.C. § 1983 on the basis of respondeat superior. Defendant further disputes that Ms. Russell's rights were violated under 42 U.S.C. §§ 1981, 1983 and the Americans With Disabilities Act, 42 U.S. C. § 12112, during her employment. Based upon the facts, the law, and the affirmative defenses contained in its answer, the Defendant is entitled to be dismissed

11-0267-CG-B

from this suit.

2. This jury action should be ready for trial by **April 2013** and at this time is expected to take approximately two to three (2-3) days, excluding jury selection.

3. The parties request a pretrial conference in **March 2013**.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

The claims and allegations made by the Plaintiff in her Complaint and alleged damages. Additional discovery will be needed on the defenses raised by the Defendant.

All discovery commenced in time to be completed by **October 31, 2012**.

5. Initial Disclosures. The parties will exchange by **May 8, 2012** the information required by Fed.R.Civ.P. 26(a) (1).

6. The parties request until **May 16, 2012**, for the Plaintiff to join additional parties and amend the pleadings, and until **June 15, 2012** for the Defendant to join additional parties and amend the pleadings.

7. Reports from retained experts under Rule 26(a) (2) due:

from Plaintiff by **June 27, 2012**.
from Defendant by **July 27, 2012**.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by **February 12, 2013**.

9. Discovery Limits.

Maximum of **25** interrogatories by each party to any other party. Responses due 30 days after service.

11-0267-CG-B

Maximum of **10** depositions by Plaintiff and **10** by Defendant.  Each deposition limited to maximum of 6 hours unless extended by agreement of parties.

Maximum of **20** requests for admission by each party to any other party.  Responses due 30 days after service.

Maximum of **20** requests for production of documents by each party to any other party.  Responses due 30 days after service.

10. All potentially dispositive motions filed by **November 12, 2012**.

11. The parties will notify the court if ADR will assist in the settlement of this matter.

12. **Other matters**: The Parties do not believe that production of electronically stored information ("ESI") will be an issue in this case.  To the extent the parties have ESI to produce, they will produce in hard copy format what is readily available (readily available meaning ESI that is retrievable with no expert assistance and without incurring significant costs in terms of time and expense) at their own expense.  In the unlikely event that a party seeks ESI that is not readily available and requires expert assistance in retrieving same, the requesting party will be responsible for the expense of the retrieval, and both sides will coordinate with each other before undertaking such expense.

Submitted this the 17th day of April, 2012.

Undersigned defense counsel represents that she has conferred with Plaintiff's counsel regarding this document, and is authorized to file this document on behalf of the parties.

Respectfully submitted:

**s/Alicia J. Corley**
ALICIA J. Corley  (CORLA7086)
ajacob@gallowayllp.com
ANDREW J. RUTENS  (RUTEA8549)

11-0267-CG-B

arutens@gallowayllp.com
GALLOWAY, WETTERMARK, EVEREST,
RUTENS & GAILLARD, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH:  251-476-4493
FX:  251-479-5566
*Attorneys for City of Mobile*

and

**s/Marcuss Foxx ***
Foxx Law Firm
P. O. Box 41203
Mobile, AL   36640
(251) 510-8608
*Attorney for Plaintiff*

*with permission

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Marcus T. Foxx, Esq.
Foxx Law Firm
P. O. Box 41203
Mobile, AL   36640
(251) 510-8608
Attorney for Plaintiff

**s/Alicia J. Corley**